**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEOBARDO JIMENEZ-DOMINGUEZ, | No. 20-70207 |
| Petitioner, | Agency No. A205-274-719 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 10, 2020
Seattle, Washington

Before:  BERZON, MILLER, and BRESS, Circuit Judges.

Leobardo Jimenez-Dominguez, a native and citizen of Mexico, seeks review

of an order of the Board of Immigration Appeals affirming an immigration judge's

denial of his application for asylum, withholding of removal, and relief under the

Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1),

and we deny the petition.

1.     Jimenez-Dominguez seeks review of the Board's denial of

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

withholding of removal based on his membership in two proposed social groups: (1) his biological family and (2) "property owners in Santo Domingo Yosonama," Mexico. Jimenez-Dominguez contends "that he will be extorted, kidnapped, and killed just like his three cousins . . . because he is a member of their extended family and because he co-owns property in Santo Domingo Yosonama." Jimenez-Dominguez does not claim that he suffered past persecution, so he must demonstrate "a clear probability of future persecution." *Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010). He must also show that the feared persecution has a nexus to a protected ground. *Garay Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3, 1136 (9th Cir. 2016).

Substantial evidence supports the immigration judge's finding, adopted by the Board, that Jimenez-Dominguez did not establish a nexus between the feared persecution and membership in his biological family. Jimenez-Dominguez does not know who killed his cousins, and he testified that he believed his cousins were attacked because they owned land—not because they belonged to his biological family. In addition, members of Jimenez-Dominguez's immediate family currently live in Mexico and have not been threatened or subjected to mistreatment. *Cf. Tamang*, 598 F.3d at 1094; *Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). The record does not contain "direct or circumstantial"

2

evidence sufficient to compel the conclusion that Jimenez-Dominguez will more likely than not be targeted for persecution on account of his biological family. *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992). Because Jimenez-Dominguez did not demonstrate a nexus between any threat of harm and his membership in his biological family, we need not consider the Board's alternative holding that his family is not cognizable as a particular social group.

Substantial evidence also supports the immigration judge's finding, adopted by the Board, that Jimenez-Dominguez did not establish a nexus between the feared persecution and his status as a property owner. Jimenez-Dominguez co-owns a house in Santo Domingo Yosonama and claims that his home ownership will enmesh him in a violent dispute in the area over adjoining agricultural lands. Jimenez-Dominguez does not own agricultural land, however, and did not demonstrate that his home ownership puts him at risk of future persecution. Although Jimenez-Dominguez claims that his cousins were threatened and killed because they were landowners, he does not share that characteristic. *See Flores Rios v. Lynch*, 807 F.3d 1123, 1125–26 (9th Cir. 2015) (petitioner, unlike his father, "did not engage in proselytizing efforts," so was unlikely to be persecuted on account of his religion). Nor does the record compel the conclusion that Jimenez-Dominguez will more likely than not be forced to fight against the rival town due to his home ownership. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1097

(9th Cir. 2005). Finally, the Board's characterization of the proposed social group as "landowners" rather than "property owners" is immaterial, as the Board correctly recognized that Jimenez-Dominguez "fears returning to Mexico due to his ownership of a home," which lacks a nexus to "the local dispute about agricultural land."

2.      Jimenez-Dominguez seeks protection under the Convention Against Torture based on his fear of "cartels and criminal groups" and his fear that "he will be killed like his cousins once he takes up residence in the house he co-owns with his long-term partner." To qualify for relief, "an alien must establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. § 208.16(c)(2)). And "the torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Id.* (quoting *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003)).

Substantial evidence supports the Board's finding that Jimenez-Dominguez "is not likely to face torture by or at the instigation of or with the consent or acquiescence of a public official . . . upon repatriation to Mexico." Jimenez-Dominguez's generalized country-conditions evidence is insufficient to demonstrate that he will more likely than not be tortured with the acquiescence of

4

government officials. *Garcia-Milian*, 755 F.3d at 1034–35; *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). And Jimenez-Dominguez's further claim that local police failed to properly investigate the death of his cousins is likewise insufficient to demonstrate government acquiescence. *Garcia-Milian*, 755 F.3d at 1034.

3. Jimenez-Dominguez's challenge to the agency's jurisdiction based on defects in his original notice to appear is foreclosed by our decisions in *Karingithi v. Whitaker*, 913 F.3d 1158, 1161–62 (9th Cir. 2019), and *Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020).

**PETITION DENIED.**